Parker, J.
I refer to the president’s opinion, for the reasons which induce me to think that the court below committed no error in receiving evidence of f t^tion^t the surf for the purpose of proving malice ; / and'hoite ir$fA«?Sfying the entry which had been prek vjevj^l^m^jjie^ofjthe verdict and judgment. The re:-^asal of the cnirft to permit the witness to prove the general./aÜ9!8.cter of the plaintiff, stands, as I think, on a different footing. It may be, that in actions for slanders charging professional negligence or incompetence, or for words imputing no moral delinquency, and in other similar cases, the evidence of the plaintiff’s general bad character might be properly rejected, as irrelevant to the issue, and as having no bearing upon the question of the amount of damages. About this, I wish to be understood as expressing no opinion. The defamatory words for which this action is brought, import a direct attack upon moral character; and in such case, surely the man of unblemished reputation *343 is entitled to greater damages than one whose character is already so bad 'as to receive little or no detriment from the imputed slander. This question was much considered in the case of M'Nutt v. Young, 8 Leigh 542. The point there decided was, that evidence of the general character of the plaintiff in relation to the charge stated in the declaration, ought to have been admitted in mitigation of the damages. That was the precise point presented by the bill of exceptions, and the court of course confined itself to that; but the reasoning of the judges for coming to that conclusion, fully justifies the reception of evidence of the plaintiff’s bad character at large. Indeed it has been seriously doubted, by those who agreed that general character may form the subject of examination, whether to confine the enquiry to the particular character of the party in the capacity in which he has been libelled, would not be infringing the rule that the truth of the words cannot be given in evidence under the general issue. See justice Thompson's opinion in the case of Fa Johns. Rep. 46. In the opinion of^u^fripBrsonsi enquiry ought to be confined to genera as this court, by a decision of all the tied that question, we cannot, I thinlk h|sjt|^ ig jpjr judgment upon the case at bar. .
It cannot be denied that in an action tor fllf'ii^Try to reputation, the character of the prosecutor is of some importance in estimating damages. The defendant cannot plead the blemished character of the plaintiff, and for that very reason he ought to be allowed to give it in evidence in mitigation of damages ; for it is a settled rule, as was shewn in the case of M'Nutt v. Young, that where a party cannot take advantage of special matter bearing upon the measure of damages, by pleading, he may give it in evidence under the general issue. Otherwise there is no mode by which he can avail himself of a fact which, it must be conceded, ought to have *344 a material influence upon the quantum of damages. That some inconveniences may result from this practice, and even danger occur of occasional injustice,1 may readily be admitted; but upon the whole, it is required by the general principle which admits in evidence matters relevant to the cause, and is necessary in a great majority of cases to guide the discretion of the jury, who, without such evidence, will take general character into their estimate, grounded upon their own knowledge, or upon vague and delusive rumours.
There is no great hardship in holding that a plaintiff suing for his character should come prepared to defend it from general attacks. If a witness impugns it, he has a right to call on him to specify the grounds of his opinion ; and if, on that crossexamination, it should appear that the opinion was founded on his anti-abolitionism, or his want of chastity, or his intemperate use of spirits, or his fondness for cards, or his addiction to any other vice which a jury might consider venial, they would know how to estimate it.
All the authorities on this subject were cited and commented on in the case of M'Nutt v. Young, and it is unnecessary to examine them farther. That case, in my opinion, substantially decides this, and convicts the court below of error in rejecting the testimony of general character offered by the defendant. A fortiori, I think the court erred in refusing it upon the crossexamination. The plaintiff himself had introduced the witness to prove his own general character, and had asked him what was his the plaintiff’s character, when on oath and when not on oath, as a man of truth? The witness answered favourably to him, and then the defendant desired to.crossexamine him on the subject of general character. This crossexamination ought, in my opinion, to have been allowed, for the purpose (if for no other) of enabling the jury to eslimate what credit was due to the witness’s opinion of good character *345 in one particular, by comparing it with his character in general. Had the witness answered that his general character was infamous, surely the jury would not have attached much weight to the favourable report he made of his character as a man of truth. • But it is unnecessary to enlarge on this ground.